# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESIAS CINTRON,<br><br>    Plaintiff,<br><br>    v.<br><br>DIRECTOR, CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>    Defendants. | CASE NO. 1:11-CV-00496-MJS (PC)<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF NO. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

## SCREENING ORDER

### I. PROCEDURAL HISTORY

Plaintiff, Esias Cintron, is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

On January 31, 2011, Plaintiff filed the instant action in U.S. District Court for the Northern District of California. (ECF No. 1.) On March 23, 2011, that court ordered

dismissal of certain time-barred claims, and transferred the remaining claims to this Court. (ECF. No. 4.) Plaintiff's Complaint, as transferred, is now before the Court for screening.

## II.     SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

////////

### III. SUMMARY OF COMPLAINT

Plaintiff is currently incarcerated at the California Substance Abuse Treatment Facility and State Prison at Corcoran, CA. (CSATF-SP). (Compl., p. 1, ECF No. 1.) His claims relate to prior confinement at Pleasant Valley State Prison ("PVSP"), in Coalinga, California. (Compl. at 4.) He alleges that Defendants were deliberately indifferent to his serious medical needs and retaliated against him for seeking adequate care and treatment. (Id.)

Plaintiff names as Defendants, in their official and individual capacity, acting under color of state law (1) Dr. Duenas MD, employed by California Department of Corrections and Rehabilitation ("CDC-R") as Chief Medical Officer at PVSP, who is responsible for supervising PVSP medical staff and outside providers, (2) Dr. Reshid MD, employed by Mercy Hospital in Bakersfield, California, a CDC-R contract provider, (3) Williams, employed by CDC-R as a captain/correctional officer at PVSP, (4) Cantu, employed by CDC-R as a correctional officer at PVSP, and (5) Does 1-15, consisting of the Director of CDC-R, acting CDC-R Director, and CDC-R employees responsible for medical care of inmates at PVSP.[1] (Id. at 2-3.)

Plaintiff alleges that his back was injured in an attack by other inmates in 1999 at Salinas Valley State Prison ("SVSP"), in Soledad, California. (Id. at 11.) In 2003, Plaintiff was transferred to PVSP. (Id. at. 5.) There he continued to suffer severe back pain, requiring daily pain medication. (Id. at 12.)

Defendants were deliberately indifferent to his serious medical needs, by:

---

[1] All claims against originally named Defendants Lustman, Wong, Lee and Bowhan were dismissed pursuant to the U.S.D.C. Northern District's March 23, 2011 Order of Partial Dismissal and of Transfer (ECF No. 4.)

Delaying needed surgery until 2007, at which time his back was operated on by Defendant Reshid at Mercy Hospital in Bakersfield, (Id. at 12);

As to Defendants Duenas and Reshid, failing to ensure the 2007 surgery was necessary, successful, and followed-up with post-surgical care, (Id. at 11-16);

As to Defendants Williams and Cantu, failing to provide post-surgical care. (Id. at 16-17.)

Plaintiff also alleges the Defendants retaliated against him for his inmate prison appeals seeking proper treatment and care, by:

As to Defendants Duenas and Reshid, allowing him inadequate hospitalization and rest following the 2007 surgery, (Id. at 5-7, 11-18);

As to Defendants Williams and Cantu, cell extraction, depriving him of his post-surgical walker and cane a month following surgery, and forcing him to stand, unsupported, with hands cuffed behind his back, refusing his request to see a doctor. (Id. at 8-9, 11-18.)

Plaintiff complains he suffers severe and constant back, leg and hip pain, and that he is permanently disabled from these significant effects on his daily activities. (Id. at 3, 12, 17.)

Plaintiff seeks injunctive relief for "proper medical diagnostic testing and treatment", unspecified general, special, and punitive damages, attorney's fees, and costs. (Id. at 18.)

**IV.   ANALYSIS**

   **A.   Pleading Requirements Generally**

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.

-4-

See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

### B.     Personal Participation and Doe Defendants

Under Section 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each Defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948–49.

Plaintiff fails to allege any facts personally linking the Doe 1-15 Defendants to the alleged rights violations. There is no evidence that these Defendants personally

participated in the events alleged in Plaintiff's Complaint. They cannot be held liable based solely on a supervisory position. Plaintiff cannot proceed against these Defendants unless he truthfully alleges how each *personally* violated, or knowingly directed a violation of his constitutional rights.

Moreover, "[a]s a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). "It is permissible to use Doe defendant designations in a complaint to refer to defendants whose names are unknown to plaintiff. Although the use of Doe defendants is acceptable to withstand dismissal of a complaint at the initial review stage, using Doe defendants creates its own problem: those persons cannot be served with process until they are identified by their real names." Robinett v. Correctional Training Facility, 2010 WL 2867696, *4 (N.D. Cal. July 20, 2010).

Plaintiff is advised that Doe Defendants cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute the Defendants' actual names. The burden remains on Plaintiff to promptly discover the full names of Doe Defendants. Id.

**C.    Deliberate Indifference**

Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two prong test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a

prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991)), (overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997)) (quoting Estelle, 429 U.S. at 104). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health ...." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06). A defendant acts with deliberate indifference when he knowingly fails to respond to a serious medical need, thereby inflicting harm on the plaintiff. Farmer, 511 U.S. 825 at 837-42. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [Section] 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the

-7-

circumstances ... and ... that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.1986). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Veld, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff's allegations of a traumatic spinal injury, corrective surgery, and continuing severe and constant pain, taken as true for purposes of screening, demonstrate a serious medical need, satisfying the first prong of his deliberate indifference claim. See McGuckin, 974 F.2d at 1059–60 ("[T]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment."). Plaintiff has alleged, for purposes of screening, a serious medical need sufficient to satisfy the first prong of deliberate indifference.

However, Plaintiff has not included allegations supporting a claim that Defendants Duenas and Reshid were deliberately indifferent to Plaintiff's medical needs. The allegations against Defendants Duenas and Reshid, taken as true on screening, amount to no more than medical negligence. There is no evidence that Defendants Duenas and Reshid intentionally acted in a medically unacceptable manner. Prior to the 2007 surgery, Plaintiff had access to Defendants Duenas and Reshid, daily pain medication, MRI's, and pre-surgical consultations and advice. (Compl. at 8-12.). Disagreement with the post-surgical course of treatment, and/or disappointment with one's condition following surgery, is not sufficient to state deliberate indifference.

Nor has Plaintiff sufficiently alleged that Defendants Williams and Cantu were deliberately indifferent to Plaintiff's medical needs. There is no evidence that Defendants Williams and Cantu intentionally failed to follow, or delayed any post-surgical medical requirements or medical chrono, or that they were aware of any excessive post-surgical risks.

Plaintiff does not allege he suffered any post-surgical physical injury as a result of Defendants' post-surgical acts or omissions. See McGuckin, 974 F.2d at 1060. (Where delay in treatment is alleged as basis for deliberate indifference, the prisoner must also demonstrate that the delay led to further injury).

Plaintiff fails to state a deliberate indifference claim against the Defendants. The Eighth Amendment does not require that prisoners receive "unqualified access to health care." Hudson v. McMillian, 503 U.S. 1, 9 (1992).

The Court will allow leave to amend. If Plaintiff chooses to amend, he must set forth sufficient facts showing (1) a serious medical need, and (2) a deliberately indifferent response to that need on the part of each Defendant.

**D.      Retaliation**

Plaintiff complains that Defendants retaliated against him for exercising his constitutional right to file prison grievances relating to his medical condition, by adverse actions consisting of inadequate hospitalization and rest following surgery, cell extraction, taking away his post-surgical walker and cane, and forcing him to stand, unsupported, with hands cuffed behind his back, refusing his request to see a doctor.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an

inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Silva v. DiVittorio, 685 F.3d 1090, 1104 (9th Cir. 2011).

Plaintiff complains of retaliatory adverse actions, which, taken as true on screening, show harm that is more than de minimis.[2] Plaintiff has satisfied the first element of his retaliation claim.

The second and third elements of a prisoner retaliation claim focus on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989)). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements). Filing a grievance is a protected action under the First Amendment. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989); see also Rhodes, 408 F.3d at 568 (arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault in retaliation for filing grievances); see also Rizzo v. Dawson, 778 F.2d 527, 530-32 (9th Cir. 1985) (retaliatory reassignment out of vocational class and transfer to a different prison). Pursuing a civil rights legal action is also protected under the First

---

[2] See Morris v. Powell, 449 F.3d 682, 684 (5th Cir. 2006) (De minimis harm is not sufficient to show "adverse action").

Amendment. Rizzo, 778 F.2d at 532 (9th Cir. 1985).

Plaintiff provides no facts suggesting that the alleged adverse actions were in any way related to exercise of his prison grievance rights. There is no evidence of how, why, or when the alleged grievances were made, whether Defendants were aware of the grievances, or the final results upon administrative review of grievances. Plaintiff has not demonstrated that the adverse actions taken by Defendants were related to Plaintiff's protected conduct. Plaintiff has not satisfied the second and third elements.

With respect to the fourth element, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity ...." Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine "whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." Rhodes, 408 F.3d at 568–69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300). It is unclear whether Plaintiff's First Amendment rights were chilled. However, Plaintiff has satisfied the fourth prong because Defendants' alleged adverse actions would chill a person of ordinary firmness from future First Amendment activities.

With respect to the fifth prong, a prisoner must affirmatively allege that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at 532. This is not a high burden. See Id. (Prisoner's allegations that search was arbitrary and capricious sufficient to satisfy this inquiry). Plaintiff does not allege, and the facts do not suggest, that the adverse actions were other than in pursuit of legitimate compelling state or penological interest. Plaintiff has not satisfied the fifth element of a retaliation claim.

Plaintiff has not alleged sufficient facts to satisfy all five elements of his retaliation claim.

The Court will allow leave to amend. If Plaintiff chooses to amend, he must set forth sufficient facts showing all five of the above noted elements attributable to each of the Defendants.

E.      **Accommodation**

Plaintiff alleges that his medical condition significantly affects his activities in prison each and every day, and that he is permanently disabled. He may allege that Defendants have failed to accommodate his medical condition.

Title II of the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act (RA) "both prohibit discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132.  Section 504 of the RA provides that "no otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794.

Title II of the ADA and the RA apply to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 118 S.Ct. 1952, 1955-56 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996).

In order to state a claim under the ADA, a plaintiff must have been "improperly excluded from participation in, and denied the benefits of, a prison service, program, or activity on the basis of his physical handicap." Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997).

"To establish a violation of [Section] 504 of the RA, a plaintiff must show that (1) [he] is handicapped within the meaning of the RA; (2) [he] is otherwise qualified for the benefit or services sought; (3) [he] was denied the benefit or services solely by reason of [his] handicap; and (4) the program providing the benefit or services receives federal financial assistance." Id.

There is no evidence that Plaintiff has sought from prison authorities and been granted an accommodation chrono based upon a disability or handicap, or that he otherwise has a qualifying disability or handicap under the ADA and RA. Plaintiff has not identified any service, program, activity, or federal funding source wrongfully denied to him. He fails to state a claim for relief under the ADA and RA.

The Court will allow leave to amend. If Plaintiff chooses to amend, he must set forth sufficient facts showing the above noted elements attributable to each of the Defendants. Plaintiff should note that he may not name prison officials in their individual capacities. See Shaughnessy v. Hawaii, No. 09-00569 JMS/BMK, 2010 WL 2573355, at *8 (D.Hawai'i June 24, 2010) (Individual liability is precluded under the ADA); accord Anaya v. Campbell, No. CIV S-07-0029 GEB GGH P, 2009 WL 3763798, at *5-6 (E.D.Cal. Nov. 9, 2009).

To the extent that Plaintiff wishes to seek assistance that he believes is due

pursuant to the Armstrong Remedial Plan,[3] he "must pursue his request via the consent decree or through class counsel." Crayton v. Terhune, No. C 98-4386 CRB(PR), 2002 WL 31093590, *4 (N.D. Cal. Sept. 17, 2002). Plaintiff may not sue for damages in this action solely on the basis that defendants allegedly violated the Armstrong Remedial Plan.

### F.  Injunctive Relief

In addition to monetary damages, Plaintiff seeks injunctive relief in the form of proper medical diagnostic testing and treatment. Where a prisoner seeks injunctive relief relating to conditions of confinement, transfer to another prison renders the request for injunctive relief moot absent some evidence of an expectation of being transferred back. See Preiser v. Newkirk, 422 U.S. 395, 402–03 (1975); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam); see also Andrews v. Cervantes, 493 F.3d 1047, 1053, n.5 (9th Cir. 2007). It does not appear the harm alleged here "falls within that category of harm 'capable of repetition, yet evading review,'". Preiser, 422 U.S. 395 at 403, (quoting Southern Pacific Terminal Co. v. ICC, 219 U.S. 498, 515 (1911)). Even were Plaintiff to allege that he might be transferred back to PVSP, such a possibility would be remote and speculative and insufficient to cast the "continuing and brooding presence" required to grant injunctive relief. See Preiser, 422 U.S. at 403.

Accordingly, Plaintiff's subsequent transfer to CSATF-SP, such that he is not currently housed at PVSP, renders his claim for injunctive relief moot. Leave to amend this

---

[3] The Armstrong Remedial Plan refers to a remedial order issued in Armstrong v. Davis, No. CV94-2307-CW, by the District Court for the Northern District of California to enjoin practices that discriminated against disabled inmates in California Prisons. See generally Armstrong v. Davis, 275 F.3d 849 (9th Cir.2001); Armstrong v. Wilson, 124 F.3d 1019 (9th Cir.1997) (affirming order requiring submission of a remedial plan for CDCR's compliance with both the Americans with Disabilities Act, 42 U.S.C. §§ 12131-34, as well as the Rehabilitation Act of 1973, 29 U.S.C. § 749).

claim is denied, as such would be futile for the reasons stated above.

## V.    CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under Section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set forth "sufficient factual matter ... to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint" refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed.R.Civ.P. 8(a). Although accepted as

true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level ...." <u>Twombly</u>, 550 U.S. at 555.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Complaint, filed January 31, 2011;

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days from service of this order; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action shall be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). <u>Silva v. Di Vittorio</u> 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated: January 30, 2012         /s/ *Michael J. Seng*
ci4d6                           UNITED STATES MAGISTRATE JUDGE