1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESIAS CINTRON, | CASE NO.    1:11-CV-00496-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF NO. 16) |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |
| Defendants. | |
| _____/ | |

**SECOND SCREENING ORDER**

**I.**     **PROCEDURAL HISTORY**

Plaintiff Esias Cintron is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.)

Plaintiff has consented to Magistrate Judge jurisdiction. (Consent, ECF No. 9.)

Plaintiff's Complaint was dismissed with leave to amend for failure to state a claim. (Order Dismiss. Compl., ECF No. 13.) Plaintiff filed a First Amended Complaint (First Am. Compl., ECF No. 16) which is now before the Court for screening.

## II.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393–94 (1989).

## III.   SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff's First Amended Complaint reiterates claims raised in his original Complaint that staff at Pleasant Valley State Prison ("PVSP") were deliberately indifferent

-2-

to his medical needs and failed to accommodate his mobility disability. It does not include a statement of claim or clearly name additional defendant(s). (First Am. Compl. at 2-3.) Instead it references his inmate appeal and a declaration and chronology of events attached to the First Amended Complaint relating to care and treatment of his pre-existing back injury. (Id. at 3.)

The attached documents all involve diagnosis, surgery, and post-surgical actions by medical and corrections staff at PVSP in 2007. (Id. at 4-11.) They reflect his pre-surgical complaints to PVSP medical staff seeking further diagnosis, treatment and pain medication. (Id. at 4-5, 11.) The declaration focuses on a December 10, 2007 event in which PVSP correction staff, Defendants Officer Cano and a Doe corrections officer approached Plaintiff when he refused to sit on the ground during an alarm in the yard, took his walker, cuffed his hands behind his back and forced him to stand for approximately an hour. (Id.) Plaintiff alleges in his declaration that the walker was issued by "the yard physician" and that "a walker is an appliance for ADA/[Disabled Prisoner Program] mobility impaired purposes." (Id. at 6-7.)    The chronology sets out events in the few months preceding and following his November 12, 2007 back surgery, including his discharge from the hospital on November 14, 2007 "with [a] walker for 2 mons", and staff's alleged failure on occasion to follow his chrono for in-cell food, medication and dressing change. (Id. at 8-10.)

Plaintiff names as Defendant Officer Cano and references the above described attachments to identify additional defendants. (Id. at 3.)

He seeks monetary compensation. (Id. at 3.)

**IV.     ANALYSIS**

**A.     Pleading Requirements Generally**

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

Plaintiff's First Amended Complaint fails to include a short and plain statement of the claim identifying which federal rights and laws were violated by a given named Defendant and the factual basis. The factual allegations in the First Amended Complaint imply he alleges those claims stated in the original Complaint previously dismissed by the Court. Plaintiff fails to expressly name any Defendant other than Officer Cano.

**B.     Eighth Amendment**

**1.     Deliberate Indifference**

1    Plaintiff reiterates, without augmentation or additional facts, the allegations in his

2  original Complaint that PVSP medical and corrections staff were deliberately indifference

3  to his serious medical needs in violation of his Eighth Amendment rights.

4    The Eighth Amendment does not require that prisoners receive "unqualified

5  access to health care." Hudson v. McMillian, 503 U.S. 1, 9 (1992).  "[T]o maintain an

6  Eighth Amendment claim based on prison medical treatment, an inmate must show

7  'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096

8  (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two prong test

9  for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by

10  demonstrating that 'failure to treat a prisoner's condition could result in further significant

11  injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's

12  response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting

13  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992)). Deliberate indifference is

14  shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical

15  need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974

16  F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff

17  must allege sufficient facts to support a claim that the named defendants "[knew] of and

18  disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S.

19  825, 837 (1994).

20    A difference of opinion between medical professionals concerning the appropriate

21  course of treatment generally does not amount to deliberate indifference to serious

22  medical needs. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild,

23  891 F.2d 240, 242 (9th Cir. 1989). Also, "a difference of opinion between a

-5-

prisoner-patient and prison medical authorities regarding treatment does not give rise to a [§] 1983 claim." <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344 (9th Cir. 1981).

To establish that such a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health." <u>See</u> <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1996); <u>see also</u> <u>Wilhelm v. Rotman</u>, —— F .3d ——, 2012 WL 1889786 *7 (9th Cir. May 25, 2012) (doctor's awareness of need for treatment followed by his unnecessary delay in implementing the prescribed treatment sufficient to plead deliberate indifference); <u>see also</u> <u>Snow v. McDaniel</u>, —— F.3d. ——, 2012 WL 1889774 *7 (9th Cir. May 25, 2012) (decision of non-treating, non-specialist physicians to repeatedly deny recommended surgical treatment may be medically unacceptable under all the circumstances).

Plaintiff's allegation of a back injury requiring surgery and impairing mobility and daily activities, taken as true on screening, is sufficient to show a serious medical need satisfying the first prong of deliberate indifference.[1]  However, his First Amended Complaint, like his original, fails to allege facts plausibly claiming Defendants intentionally denied, delayed or interfered with medical treatment. Instead, it appears medical staff provided him ongoing diagnostic, surgery and post-surgical care and a chrono. Plaintiff's dis-satisfaction with the care and treatment provided by medical staff and with the results

---

[1]  <u>See</u> <u>McGuckin</u>, 974 F.2d at 1059–60 ("[T]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.").

of his surgery, even if justified,  is not alone sufficient to show deliberate indifference.

His allegation that corrections staff, on one occasion during a yard alarm, took his walker, cuffed him and made him stand for an hour is likewise insufficient to show deliberate indifference. He does not allege any facts suggesting that corrections staff was aware of and then intentionally acted contrary to his medical needs.[2]   It does not appear that he appealed the alleged December 10, 2007 action. See Buford v. Wasco State Prison, 2010 WL 4623918 (E.D. Cal. November 04, 2010) (no deliberate indifference where inmate alleging disability fails to get down on ground during alarm and guards responding unaware of, and do not draw inference that getting down on ground would risk serious harm to inmate).

The Court's previous screening order advised Plaintiff of the deficiencies in his deliberate indifference claim and afforded an opportunity to correct these deficiencies. (Order Dismiss. Compl. at 8-9.) He has failed to do so. The Court sees no point in granting yet another opportunity to correct the same deficiencies. Leave to amend the deliberate indifference claim would be wholly futile.[3]

> 2.   Excessive Force

Plaintiff's allegation about the cuffing behind his back and forcing him to stand for an hour suggests a possible excessive force claim.

---

[2] The Court takes notice that California Department of Corrections and Rehabilitation, Department Operations Manual Section 54030.19.7.2 allows inmates to possess only those health care appliances that are prescribed by a doctor.

[3] Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." Futility is a valid reason for denying leave to amend. In re K-tel Intern., Inc. Securities Litigation, 300 F.3d 881, 899-900 (8th Cir. 2002).

1    The Cruel and Unusual Punishments Clause of the Eighth Amendment protects

2    prisoners from the use of excessive physical force. Wilkins v. Gaddy, ——U.S. ——,

3    ——, 130 S.Ct. 1175, 1178 (2010); Hudson, 503 U.S. at  8–9. The analysis of an

4    excessive force claim brought pursuant to § 1983 begins with "identifying the specific

5    constitutional right allegedly infringed by the challenged application of force." Graham,

6    490 U.S. at 394. The Eighth Amendment's prohibition on cruel and unusual punishments

7    applies to incarcerated individuals, such as Plaintiff. Whitley v. Albers, 475 U.S. 312, 318

8    (1976). To state an Eighth Amendment claim, a plaintiff must allege that the use of force

9    was an "unnecessary and wanton infliction of pain." Jeffers v. Gomez, 267 F.3d 895, 910

10   (9th Cir.2001). The malicious and sadistic use of force to cause harm always violates

11   contemporary standards of decency, regardless of whether or not significant injury is

12   evident. Hudson, 503 U.S. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir.

13   2002) (Eighth Amendment excessive force standard examines de minimis uses of force,

14   not de minimis injuries). However, not "every malevolent touch by a prison guard gives

15   rise to a federal cause of action." Hudson, 503 U.S. at 9. "The Eighth Amendment's

16   prohibition of cruel and unusual punishments necessarily excludes from constitutional

17   recognition de minimis uses of physical force, provided that the use of force is not of a

18   sort repugnant to the conscience of mankind." Id. at 9–10.

19       Whether force used by prison officials was excessive is determined by inquiring if

20   the "force was applied in a good-faith effort to maintain or restore discipline, or

21   maliciously and sadistically to cause harm." Id. at 6–7. The Court must look at the need

22   for application of force; the relationship between that need and the amount of force

23   applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and

-8-

inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. Whitley, 475 U.S. at 321. The absence of significant injury alone is not dispositive of a claim of excessive force. Wilkens, 130 S.Ct. at 1176–77; see also Felix v. McCarthy, 939 F.2d 699, 702 (9th Cir.1991) (unprovoked and unjustified attack on prisoner violates constitution regardless of degree of injury).

Although the Supreme Court has never required a showing that an emergency situation existed, "the absence of an emergency may be probative of whether the force was indeed inflicted maliciously or sadistically." Jordan v. Gardner, 986 F.2d 1521, 1528 n.7 (9th Cir. 1993); see also Hope v. Pelzer, 536 U.S. 730, 738 (2002) (holding that cuffing an inmate to a hitching post for seven hours despite the clear lack of an emergency situation was a violation of the Eighth Amendment.); Jeffers v. Gomez, 267 F.3d 895, 913 (9th Cir. 2001) (deliberate indifference standard applies where there is no "ongoing prison security measure.").

Because the use of force relates to the prison official's legitimate interest in maintaining security and order, the court must be deferential when reviewing the necessity of using force. See Whitley, 475 U.S. at 321-22; see also Norwood v. Vance, 591 F.3d 1062, 1066-67 (9th Cir. 2010).

Plaintiff's allegations do not reflect intentional, unnecessary and wanton infliction of pain. Plaintiff was handcuffed because he failed to follow an order from corrections staff during a yard alarm. Nothing before the Court suggests Plaintiff had a valid medical order or chrono precluding corrections staff from handcuffing him from behind or, if there were such an order, that corrections staff was aware of and deliberately ignored it. He does not allege that he complained to corrections staff of pain from being cuffed in this

manner or that it caused him pain. To the extent the period during which he was cuffed and left standing may have exceeded the duration of the yard alarm, his deliberate indifference claim fails for the reasons noted above.

"An Eighth Amendment claim cannot be predicated on a de minimis use of force." O'Malley v. Litsche, 465 F.3d 799, 805 (7th Cir. 2006) (citing Fillmore v. Page, 358 F.3d 496, 504 (7th Cir. 2004); (see also Aldape v. Lambert, 34 F.3d 619, 623-24 (8th Cir. 1994) (cuffing inmate from behind where staff aware medical order precluded such, causing pain for a significant period of time sufficient to show excessive force).

Plaintiff has not stated a cognizable Eighth Amendment claim. It appears he may be able to allege additional factual detail regarding the application of force. The Court will allow him one final opportunity to amend his excessive force claim. If he chooses to amend, Plaintiff, must allege true facts, not mere suspicion or speculation that would satisfy all the above elements of an excessive force claim.

## C.   Accommodation

Plaintiff reiterates, without additional facts, the allegations in his original Complaint that PVSP medical and corrections staff failed to accommodate his mobility disability in violation of the ADA and his rights under the Armstrong Remedial Plan.

Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at

1052.

Title II of the ADA applies to inmates within state prisons. <u>Pennsylvania Dept. of Corrections v. Yeskey</u>, 524 U.S. 206 (1998); <u>see also</u> <u>Armstrong v. Wilson</u>, 124 F.3d 1019, 1023 (9th Cir.1997); <u>see also</u> <u>Duffy v. Riveland</u>, 98 F.3d 447, 453–56 (9th Cir. 1996).

"To recover monetary damages under Title II of the ADA, a plaintiff must prove intentional discrimination on the part of the defendant," and the standard for intentional discrimination is deliberate indifference. <u>Duvall v. County of Kitsap</u>, 260 F.3d 1124, 1138 (9th Cir. 2001). "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." <u>Id.</u> at 1139. In the ADA context, a plaintiff must both "identify 'specific reasonable' and 'necessary' accommodations that the state failed to provide" and show that defendant's failure to act was "a result of conduct that is more than negligent, and involves an element of deliberateness." <u>Id.</u> at 1140.

The "alleged deliberate refusal of prison officials to accommodate [a prisoner's] disability-related needs in such fundamentals as . . . medical care  . . . constitutes exclusion from participation in or . . . denial of the benefits of the prison's services, programs, or activities." <u>United States v. Georgia</u>, 546 U.S. 151, 157 (2006).

Plaintiff fails to allege facts showing he was denied access to medical treatment in the form of a walker other than for the brief period described above. "Whether and when the ADA supports claims by prisoners regarding a prison's medical . . . services is a close question that turns on distinguishing actionable claims of 'denial of medical treatment' from non-actionable claims of mere inadequate or negligent medical treatment." <u>Payne</u>,

2012 WL 1151957 *6; see also Kiman v. N.H. Dep't of Corr., 451 F.3d 274, 284 (5th Cir. 2012) (noting courts have "differentiated ADA claims based on negligent medical care from those based on discriminatory medical care"). Plaintiff's predicate deliberate indifference claim fails for the reasons stated above. Plaintiff does not allege facts plausibly claiming actionable denial of medical treatment.

Plaintiff also fails to allege facts suggesting a "disability based animus" in the alleged taking of his walker. See Forestier Fradera v. Municipality of Mayagueaz, 440 F.3d 17, 23 (1st Cir. 2006) (delay in providing accommodation due to "political discrimination" not sufficient to support ADA claim).

Plaintiff must pursue any relief he believes is due pursuant to the Armstrong Remedial Plan via the consent decree or through class counsel.[4] Crayton v. Terhune, No. C 98-4386 CRB(PR), 2002 WL 31093590, *4 (N.D. Cal. Sept. 17, 2002). Plaintiff may not sue for damages in this action solely on the basis that defendants allegedly violated the Armstrong Remedial Plan.

Plaintiff has not stated a cognizable ADA failure to accommodate claim. The Court's previous screening order advised Plaintiff of the deficiencies in this claim and afforded an opportunity to correct these deficiencies. (Order Dismiss. Compl. at 13-14.) He has failed to do so. The Court can see no point in granting yet another opportunity to correct the same deficiencies. Leave to amend the deliberate indifference claim would be

---

[4] The Armstrong Remedial Plan refers to a remedial order issued in Armstrong v. Davis, No. CV94-2307-CW, by the District Court for the Northern District of California to enjoin practices that discriminated against disabled inmates in California Prisons. See generally Armstrong v. Davis, 275 F.3d 849 (9th Cir.2001); Armstrong v. Wilson, 124 F.3d 1019 (9th Cir.1997) (affirming order requiring submission of a remedial plan for CDCR's compliance with both the Americans with Disabilities Act, 42 U.S.C. §§ 12131-34, as well as the Rehabilitation Act of 1973, 29 U.S.C. § 749).

wholly futile.[5]

## V.   CONCLUSION AND ORDER

The Court finds that Plaintiff's Complaint fails to state any cognizable § 1983 claim. The Court will grant Plaintiff **one final opportunity to file an amended complaint as to his excessive force claim** and only that claim. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448–49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555.) Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently

[5] See n3.

alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint" refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed.R.Civ.P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his First Amended Complaint filed March 21, 2012,

2. Plaintiff's First Amended Complaint is dismissed for failure to state a claim upon which relief may be granted,

3. Plaintiff shall file an amended complaint within thirty (30) days from service of this order, and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action shall be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir.2011).

IT IS SO ORDERED.

Dated:   __June 27, 2012__          /s/ _Michael J. Seng_
                                    UNITED STATES MAGISTRATE JUDGE