1

2

3

4

5

6

7 UNITED STATES DISTRICT COURT

8 EASTERN DISTRICT OF CALIFORNIA

9

10 ESIAS CINTRON,                                    CASE NO.    1:11-cv-00496-MJS (PC)

11                                                        ORDER DISMISSING PLAINTIFF'S
                    Plaintiff,                            ACTION WITH PREJUDICE FOR FAILURE
12                                                        TO STATE A CLAIM

13
        v.                                                (ECF No. 18)
14

15                                                        CLERK TO CLOSE FILE

   CALIFORNIA DEPARTMENT OF
16 CORRECTIONS, et al.,                                   DISMISSAL IS SUBJECT TO 28 U.S.C. §
                                                          1915(g)
17                  Defendants.

18 _____/

19

20
                                    **THIRD SCREENING ORDER**
21

22 **I.      PROCEDURAL HISTORY**

23      Plaintiff Esias Cintron is a state prisoner proceeding pro se and in forma

24 pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.)

25      Plaintiff has consented to Magistrate Judge jurisdiction. (Consent, ECF No. 9.)

26

27

                                              -1-

1      Plaintiff's Complaint was dismissed for failure to state a claim, but he was given

2  leave to amend. (Order Dismiss. Compl., ECF No. 13.) Plaintiff's First Amended

3  Complaint also was dismissed for failure to state a claim, but with leave to amend solely

4
5  as to his excessive force claim. (Order Dismiss. First Am. Compl., ECF No. 17.) On July

6  23, 2012, Plaintiff filed his Second Amended Complaint (Second Am. Compl., ECF No.

7  18), which is now before the Court for screening.

8  II.      **SCREENING REQUIREMENT**

9      The Court is required to screen complaints brought by prisoners seeking relief

10
11 against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

12 § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has

13 raised claims that are legally "frivolous, malicious," or that fail to state a claim upon

14 which relief may be granted, or that seek monetary relief from a defendant who is

15 immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or

16
17 any portion thereof, that may have been paid, the court shall dismiss the case at any

18 time if the court determines that . . . the action or appeal . . . fails to state a claim upon

19 which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

20      Section 1983 "provides a cause of action for the 'deprivation of any rights,

21 privileges, or immunities secured by the Constitution and laws' of the United States."

22 Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).

23 Section 1983 is not itself a source of substantive rights, but merely provides a method

24 for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386,

25 393–94 (1989).

26
27 ///////

1    III.    **SUMMARY OF SECOND AMENDED COMPLAINT**

2        Plaintiff reiterates allegations in his earlier pleadings that staff at Pleasant Valley

3    State Prison ("PVSP") was deliberately indifferent to his pre- and  post-surgical back

4    problems, failed to accommodate his mobility disability, and used excessive force during

5
6    a December 10, 2007 yard alarm (shortly after his back surgery) in which his walker was

7    taken from him and he was made to stand with hands cuffed behind his back for

8    approximately one hour.[1] (Second Am. Compl. at 7-8.)

9        The Second Amended Complaint does not contain any statement of claim or

10   name any Defendants, referring instead to the same documentation included with his

11   First Amended Complaint.)[2] (Id. at 2-10.)

12
     Plaintiff seeks monetary damages. (Id. at 3.)
13

14   IV.    **ANALYSIS**

15       A.    **Pleading Requirements Generally**

16       To state a claim under § 1983, a plaintiff must allege two essential elements: (1)

17   that a right secured by the Constitution or laws of the United States was violated and (2)

18   that the alleged violation was committed by a person acting under the color of state law.

19
     West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245
20

21   (9th Cir. 1987).

22       A complaint must contain "a short and plain statement of the claim showing that

23

24   _____

25       [1] Plaintiff was granted leave to amend only as to his excessive force claim and only that claim is
     before the Court. Order Dismiss. First Am. Compl. at 13.

26       [2] Consisting of a pre-surgical medical appeal and Plaintiff's Declaration and Chronology dated
27   March 26, 2008.

1   the pleader is entitled to relief . . . ." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are

2   not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

3   mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009)

4   (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth

5   "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"

6   Id. Facial plausibility demands more than the mere possibility that a defendant committed

7   misconduct and, while factual allegations are accepted as true, legal conclusions are not.

8   Id. at 1949–50.

9
10        Plaintiff's Second Amended Complaint fails to include a short and plain statement

11  of his claim and fails to expressly name any Defendants. Plaintiff's refernce to attached

12  documentation leaves the Court dependent on surmise in these regards.

13
      **B.      Excessive Force**

14
         Plaintiff's allegation that he was cuffed behind his back and forced to stand that

15  way for an hour suggests a possible excessive force claim.

16
17        The Cruel and Unusual Punishments Clause of the Eighth Amendment protects

18  prisoners from the use of excessive physical force. Wilkins v. Gaddy, ——U.S. ——,

19  ——, 130 S.Ct. 1175, 1178 (2010); Hudson, 503 U.S. at  8–9. The analysis of an

20  excessive force claim brought pursuant to § 1983 begins with "identifying the specific

21  constitutional right allegedly infringed by the challenged application of force." Graham,

22
23  490 U.S. at 394. The Eighth Amendment's prohibition on cruel and unusual punishments

24  applies to incarcerated individuals, such as Plaintiff. Whitley v. Albers, 475 U.S. 312, 318

25  (1976). To state an Eighth Amendment claim, a plaintiff must allege that the use of force

26  was an "unnecessary and wanton infliction of pain." Jeffers v. Gomez, 267 F.3d 895, 910

27

1  (9th Cir. 2001). The malicious and sadistic use of force to cause harm always violates

2  contemporary standards of decency, regardless of whether or not significant injury is

3  evident. Hudson, 503 U.S. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir.

4  2002) (Eighth Amendment excessive force standard examines de minimis uses of force,

5  not de minimis injuries). However, not "every malevolent touch by a prison guard gives

6  rise to a federal cause of action." Hudson, 503 U.S. at 9. "The Eighth Amendment's

7  prohibition of cruel and unusual punishments necessarily excludes from constitutional

8  recognition de minimis uses of physical force, provided that the use of force is not of a

9  sort repugnant to the conscience of mankind." Id. at 9–10.

10

11       Whether force used by prison officials was excessive is determined by inquiring if

12  the "force was applied in a good-faith effort to maintain or restore discipline, or

13  maliciously and sadistically to cause harm." Id. at 6–7. The Court must look at the need

14  for application of force; the relationship between that need and the amount of force

15  applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and

16  inmates as reasonably perceived by prison officials; and any efforts made to temper the

17  severity of the response. Whitley, 475 U.S. at 321. The absence of significant injury alone

18  is not dispositive of a claim of excessive force. Wilkens, 130 S.Ct. at 1176–77; see also

19  Felix v. McCarthy, 939 F.2d 699, 702 (9th Cir. 1991) (unprovoked and unjustified attack

20  on prisoner violates constitution regardless of degree of injury).

21       Although the Supreme Court has never required a showing that an emergency

22  situation existed, "the absence of an emergency may be probative of whether the force

23  was indeed inflicted maliciously or sadistically." Jordan v. Gardner, 986 F.2d 1521, 1528

24  n.7 (9th Cir. 1993); see also Hope v. Pelzer, 536 U.S. 730, 738 (2002) (holding that

-5-

1  cuffing an inmate to a hitching post for seven hours despite the clear lack of an

2  emergency situation was a violation of the Eighth Amendment); Jeffers v. Gomez, 267

3  F.3d 895, 913 (9th Cir. 2001) (deliberate indifference standard applies where there is no

4  "ongoing prison security measure."); see also Buford v. Wasco State Prison, 2010 WL

5  4623918 (E.D. Cal. November 04, 2010) (no deliberate indifference where inmate

6  alleging disability fails to get down on ground during alarm and guards responding

7  unaware of, and do not draw inference that getting down on ground would risk serious

8  harm to inmate).

9

10      The court must be deferential when reviewing the necessity of using force because

11 the use of force relates to the prison official's legitimate interest in maintaining security

12 and order. See Whitley, 475 U.S. at 321-22; see also Norwood v. Vance, 591 F.3d 1062,

13 1066-67 (9th Cir. 2010).

14

15      The allegations in the Second Amended Complaint, which mirror and do not add to

16 those previously screened by the Court, do not reflect intentional, unnecessary and

17 wanton infliction of pain. It appears Plaintiff was handcuffed because he failed to follow

18 an order from corrections staff during a yard alarm. Nothing before the Court suggests

19 Plaintiff had a valid medical order or chrono precluding corrections staff from handcuffing

20 him from behind while in a standing position or, if there was such an order, that

21 corrections staff was aware of and deliberately ignored it. He does not allege that he

22 suffered or complained to corrections staff of pain from being cuffed in this manner or

23 that it caused him pain or lasting injury. He does not allege the nature and duration of the

24

25 yard alarm emergency, and he fails to allege the circumstances under which he remained

26 cuffed and standing.  TheCourt can not identify allegations that might support a

27

-6-

deliberate indifference or excessive force claim complying with the above standards. "An Eighth Amendment claim cannot be predicated on a de minimis use of force." O'Malley v. Litsche, 465 F.3d 799, 805 (7th Cir. 2006) (citing Fillmore v. Page, 358 F.3d 496, 504 (7th Cir. 2004); cf., Aldape v. Lambert, 34 F.3d 619, 623-24 (8th Cir. 1994) (cuffing inmate from behind where staff aware medical order precluded such, causing pain for a significant period of time sufficient to show excessive force); cf. Miller v. Glanz, 948 F.2d 1562, 1570 (10th Cir. 1991) (cuffing inmate in an awkward position for almost two hours did not cause the severe pain or lasting injury required to amount to an Eighth Amendment violation); Frazier v. Diguglielmo, 640 F.Supp.2d 593, 603 (E.D.Pa 2008) (cuffing inmate for ninety minutes during search of his cell only de minimis use of physical force insufficient to support an Eighth Amendment claim).

The Court's previous screening order advised Plaintiff of the deficiencies in his excessive force claim and afforded him an opportunity to correct these deficiencies. (Order Dismiss. First Am. Compl. at 9-10.) He has failed to do so. The Court can see no point in granting yet another opportunity to correct the same deficiencies. Leave to amend this claim would be wholly futile.[3]

## C.      Exhaustion of Administrative Remedies

Plaintiff alleges exhaustion and cites the Court to the documentation attached to his Second Amended Complaint. (Second Am. Compl. at 2.) However, nothing in the

---

[3] Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." Futility is a valid reason for denying leave to amend. In re K-tel Intern., Inc. Securities Litigation, 300 F.3d 881, 899-900 (8th Cir. 2002).

documentation attached references or supports Plaintiff's grievance of the subject

December 10, 2007 incident.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought

with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a

prisoner confined in any jail, prison, or other correctional facility until such administrative

remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Act's exhaustion

requirement applies to all prison actions. Williams v. Metropolitan Detention Center, 418

F.Supp.2d 96, 100–101 (E.D.N.Y. 2005). Exhaustion of administrative remedies is

required regardless of the relief sought by the prisoner. Booth v. Churner, 532 U.S. 731,

741 (2001). Proper exhaustion is required so "a prisoner must complete the

administrative review process in accordance with the applicable rules, including

deadlines, as a precondition to bringing suit in federal court." Ngo v. Woodford, 539 F.3d

1108, 1109 (9th Cir. 2008) (quoting Woodford v. Ngo, 548 U.S. 81, 87–88 (2006)).

Plaintiff's allegation of exhaustion is not supported by his reference to

documentation attached to the Second Amended Complaint.

## V.     CONCLUSION AND ORDER

The Court finds that Plaintiff's Second Amended Complaint fails to state any §

1983 claim upon which relief may be granted against Defendants. Leave to amend would

be futile for the reasons set out above and will not be granted. Plaintiff's action should be

dismissed with prejudice.

Based on the foregoing, it is **HEREBY ORDERED** that:

1.     This action shall be dismissed with prejudice for failure to state a claim,

1     2.      Dismissal is subject to the "three strikes" provision set forth in 28 U.S.C. §

2          1915(g); Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011), and

3     3.      The Clerk shall close the file in this case.

8  IT IS SO ORDERED.

9

Dated:   July 30, 2012          /s/ *Michael J. Seng*

10                           UNITED STATES MAGISTRATE JUDGE